||
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE EICHLER,

        Plaintiff,                    No. CIV S-04-1108 GEB JFM P

    vs.

CDC OFFICER SHERBIN, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. On April 12, 2005, plaintiff filed a document entitled "Notice of Motion and Motion for Leave to Appeal In Forma Pauperis." In that document, plaintiff claims to seek leave to appeal from a judgment entered on March 15, 2005. In his affidavit filed with the April 12 motion, plaintiff contends defendant Mercy Hospital and the attending physician on duty were acting under color of state law because he believes Mercy Hospital was under contract to serve inmates at Folsom Prison. Moreover, plaintiff asserts that if discovery herein demonstrates that Mercy Hospital was not under contract with Folsom Prison, he would still have a pendent state law claim for negligence against the hospital and attending physician based on its refusal to treat plaintiff.

        On May 5, 2005, defendant Mercy Hospital filed an opposition to plaintiff's motion, stating that plaintiff had failed to serve defendant Mercy Hospital with a copy of his

1

motion,[1] that plaintiff failed to identify the remedy or relief he sought, and that plaintiff failed to allege any new or different facts to warrant the granting of a motion for reconsideration.

No judgment was entered on March 15, 2005. It appears from plaintiff's April 12 filing that he is seeking reconsideration of this court's order of March 15, 2005, where defendant Mercy Hospital was dismissed for plaintiff's failure to demonstrate that this defendant acted under color of state law. Although plaintiff's amended complaint stated that a Folsom Mercy Hospital physician told plaintiff that the hospital was no longer under contract to serve Folsom Prison inmates, plaintiff now states that he does not believe that was true. Plaintiff maintains that he believes the hospital was under contract to serve Folsom Prison inmates. Moreover, plaintiff claims that even if defendant hospital did not act under color of state law by virtue of a current contract, his negligence claims are appropriately brought as pendent state law claims. Defendant Mercy Hospital has not stated that the hospital was not under contract at the time of plaintiff's injury. (See December 30, 2004 Points and Authorities; May 5, 2005 's Opp'n.)

Thus, it is not clear that plaintiff could not amend his complaint to state a cognizable claim against defendant Mercy Hospital. This court will construe plaintiff's filing as a request for reconsideration and grant plaintiff leave to file a third amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

---

[1] Defendant hospital is correct that plaintiff did not include the hospital on the certificate of service. Fortunately, due to the benefits of CM/ECF, the court's electronic filing system, defendant hospital did receive timely notice of the filing. Because defendant received notice and because plaintiff may have been under the misapprehension that he no longer needed to serve this defendant based on the March 16, 2005 order, the court will rule on plaintiff's April 12, 2005 motion. However, plaintiff is cautioned that until final judgment is entered, plaintiff must serve all counsel of record with all court filings. Fed. R. Civ. P. 5.; Local Rule 5-135(b). Failure to serve counsel with a court filing in the future will result in a recommendation that this action be dismissed.

1  there is some affirmative link or connection between a defendant's actions and the claimed
2  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
3  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff must include allegations
4  that demonstrate each defendant was acting under color of state law.  Furthermore, vague and
5  conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.
6  Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

       In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 12, 2005 motion is construed as a request for reconsideration and is granted.

2. Plaintiff's April 12, 2005 second complaint is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint; failure to file a

/////
/////
/////

1 third amended complaint in accordance with this order will result in a recommendation that this
2 action be dismissed.
3 DATED: May 26, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

/001; eich1108.app