IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE EICHLER,

    Plaintiff,                    No. CIV S-04-1108 GEB JFM P

    vs.

CDC OFFICER SHERBIN, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed May 27, 2005, plaintiff's second amended complaint was dismissed with leave to file a third amended complaint. Plaintiff has now filed a third amended complaint.

        In his third amended complaint, plaintiff names numerous Doe defendants as well as defendants listed solely by their title. Plaintiff must provide additional information to serve these defendants. Plaintiff shall promptly seek such information through discovery, the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to

/////

/////

1

plaintiff.[1]  If access to the required information is denied or unreasonably delayed, plaintiff may seek judicial intervention.

Moreover, plaintiff names by title only Wardens, Chief Medical Officers, and Deputy Wardens.  Plaintiff's allegations as to these defendants concern their supervisory functions.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

---

[1] Plaintiff filed his initial complaint herein on June 9, 2004.  By order filed September 17, 2004, plaintiff was advised of this requirement.  Plaintiff is further advised that he is required to provide named defendants with notice of his lawsuit within 120 days from the filing of his complaint.  Fed. R. Civ. P. 4(m).  Plaintiff risks dismissal of defendants named as "John Doe" by his failure to promptly discover and serve these unnamed defendants with notice of this litigation.

1 Cir. 1982).  Thus, the court will not order service of process on the Wardens, Chief Medical
2 Officers, and Deputy Wardens named in the third amended complaint.
3    As to those defendants plaintiff has specifically named, Officer Sherbin, Officer
4 Lebeck and Mercy Hospital, the third amended complaint states a cognizable claim for relief
5 pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the third amended
6 complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this
7 action.  Thus, counsel for these defendants will be required to file a responsive pleading within
8 twenty days.
9    In accordance with the above, IT IS HEREBY ORDERED that service is
10 appropriate for the following defendants:  CDC Officer Sherbin, Correctional Officer Lebeck,
11 and Mercy Hospital; counsel for these defendants shall file a responsive pleading within twenty
12 days.
13 DATED: November 17, 2005.

              _____
              UNITED STATES MAGISTRATE JUDGE

17 /001; eich1108.3amd