IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE EICHLER,

     Plaintiff,                        No. CIV S-04-1108 GEB JFM P

     vs.

CDC OFFICER SHERBIN, et al.,

     Defendants.                FINDINGS AND RECOMMENDATIONS

                                /

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's third amended complaint, filed July 14, 2005. Plaintiff's claims arose at New Folsom State Prison and this action is proceeding against two defendants employed at that institution. On June 12, 2006, plaintiff filed a motion for a preliminary injunction. In this motion, plaintiff raises numerous claims concerning conditions of confinement at Mule Creek State Prison in Ione, where he is presently housed.[1] He also seeks a court order attaching liens or levies upon the named defendants herein for a sum sufficient to cover damages in the instant action. Defendant Mercy Hospital has filed an opposition.

---

[1] The court has addressed plaintiff's need for access to his medical file by separate order.

1

1  The legal principles applicable to a request for preliminary injunctive relief are
well established. To prevail, the moving party must show either "(1) a likelihood of success on
the merits and the possibility of irreparable injury, or (2) the existence of serious questions going
to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland
Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985),
quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984);
see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985). The two formulations
represent two points on a sliding scale with the focal point being the degree of irreparable injury
shown. Oakland Tribune, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must
demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a
significant showing of irreparability, the court need not reach the issue of likelihood of success
on the merits. Id.

As a threshold matter, the principal purpose of preliminary injunctive relief is to
preserve the court's power to render a meaningful decision after a trial on the merits. See C.
Wright & A. Miller, 11 Federal Practice and Procedure, § 2947 (1973). In addition to
demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary
injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports
Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda
v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d
308, 315 (9th Cir. 1979). Implicit in this required showing is the notion that the relief awarded is
only temporary and there will be a full hearing on the merits of the claims raised in the injunction
when the action is brought to trial.

/////
/////
/////
/////

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969).[2]

Most of the claims on which plaintiff's motion for preliminary injunction is predicated are not included in the third amended complaint on which this action is proceeding. For that reason, the claims will not be given a hearing on the merits at trial. Further, the claims do not implicate this court's jurisdiction in a way that might justify application of the All Writs Act to reach officials at Mule Creek State Prison who are not named in the underlying litigation. <u>See</u> footnote 1, <u>supra</u>. For these reasons, plaintiff's motion for preliminary injunctive relief should be denied.

Moreover, plaintiff has not demonstrated that an order attaching liens or levies upon the named defendants herein for a sum sufficient to cover damages in the instant action is necessary. First, plaintiff has not shown a probability that plaintiff will succeed on the merits. Second, plaintiff has not provided any evidence that suggests defendants will be unable to pay damages if damages are ultimately awarded to plaintiff. Plaintiff's motion as to the named defendants should also be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's June 12, 2006 motion for preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file

---

[2] The fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. <u>Plum Creek Lumber Company v. Hutton</u>, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. <u>United States v. New York Telephone Co.</u>, 434 U.S. 159, 174 (1977).

1 written objections with the court and serve a copy on all parties. Such a document should be
2 captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the
3 objections shall be served and filed within ten days after service of the objections. The parties
4 are advised that failure to file objections within the specified time may waive the right to appeal
5 the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6 DATED: August 29, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

/001
eich1108.pi