1

2

3

4

5

6

7

8

9                          IN THE UNITED STATES DISTRICT COURT

10                        FOR THE EASTERN DISTRICT OF CALIFORNIA

11   DWAYNE EICHLER,

12              Plaintiff,                    No. CIV S-04-1108 GEB JFM P

13        vs.

14   CDC OFFICER SHERBIN, et al.,

15              Defendants.                   ORDER

16   _____/

17              Plaintiff is a state prisoner proceeding in propria persona and in forma pauperis

18   with a civil rights action pursuant to 42 U.S.C. § 1983.  The July 14, 2005 third amended

19   complaint is the operative complaint herein.  Plaintiff alleges defendants Sherbin and Lebeck

20   violated plaintiff's right to be free from cruel and unusual punishment and were negligent in

21   failing to follow safety procedures and failing to provide for plaintiff's safety.  Plaintiff alleges

22   defendant Mercy Hospital of Folsom refused to treat plaintiff for his serious medical needs

23   constituting deliberate indifference under the Eighth Amendment.  Plaintiff also raises pendent

24   state law claims of negligence and malpractice against defendant Mercy Hospital of Folsom.

25   These allegations arose from an injury plaintiff sustained at New Folsom State Prison on or about

26   June 1, 2003.

1   Discovery Motions

2          On April 10, 2006, plaintiff filed a motion to compel defendant Mercy Hospital to

3   respond to certain discovery requests (first and second set).  In his motion, plaintiff stated that

4   "on or about January 17, 2006," he served a request for admissions, interrogatories and a request

5   for production of documents on defendant Mercy Hospital (first set).  Rather than specifically

6   addressing each disputed discovery request, plaintiff contended that defendant's objections were

7   late and were frivolous.

8          Defendant Hospital contended its responses were timely under the court's

9   December 21, 2005 discovery order which provided that all responses to discovery requests shall

10  be due forty-five days after the request is served.  (April 25, 2006 Opp'n.)[1]  Defendant further

11  argued that plaintiff has failed to put defendant on notice as to what responses were allegedly

12  deficient in any of the discovery requests.  (Id.)

13         The court finds defendant's objections to the request for admissions were well

14  taken.  Plaintiff's motion to compel further responses to the request for admissions will be

15  denied.

16         The court has reviewed the first set of interrogatories and requests for production

17  of documents and the responses thereto, and finds those objections were also well taken.

18  Plaintiff was provided the medical records from June 1, 2003, as well as the contract between

19  Mercy and the Department of Corrections.  Plaintiff was informed that Grant G. Nugent, M.D.,

20  was the physician who treated plaintiff in the Emergency Department; Pat Romano, R.N.,

21  provided nursing care to plaintiff in the Emergency Department; and Dr. Borges from Folsom

22  State Prison requested plaintiff be transported from Mercy Hospital of Folsom to U.C. Davis.

23  Dr. Nugent and R.N. Romano were identified as witnesses to plaintiff's presence in the

24

25         [1]   In his reply, plaintiff contends defendant's opposition to the motion to compel was
    untimely filed.  However, defendant's opposition was filed fifteen days after plaintiff's motion, well
26  within the briefing period.  Local Rule 78-230(m).

1  Emergency Room on June 1, 2003, in addition to several California Department of Corrections

2  guards.  Plaintiff's motion to compel further responses to the first set of interrogatories and

3  request for production of documents as to defendant Hospital will be denied.

4              Plaintiff also sought an order requiring defendant Hospital to respond to the

5  second set of discovery requests served on April 4, 2006.  The court's scheduling order provided

6  that discovery closed April 21, 2006 and required all discovery requests to be served no later than

7  sixty days prior to that deadline.  (December 23, 2005 Order at 5.)  Accordingly, plaintiff's

8  second set of discovery requests were untimely served.  Thus, plaintiff's motion to compel

9  further responses to the second set of discovery requests will be denied.

10             On May 2, 2006, plaintiff filed a second motion to compel discovery.  This

11  motion was dated April 29, 2006.  Plaintiff stated that defendants Sherbin and Lebeck were

12  granted two extensions of time so that plaintiff did not receive all of the discovery responses until

13  April 24, 2006.  Plaintiff also asked the court to award his reasonable expenses in bringing this

14  motion.

15             Plaintiff again failed to address the discovery items at issue individually; rather,

16  he appended 134 pages which included discovery requests and responses, but also included other

17  documents.  In addition to being untimely, this motion to compel did not put defendants on

18  notice as to the alleged deficiencies of their responses.  Moreover, the motion does not comply

19  with this court's local rules that require plaintiff only file that part of the request for production

20  or set of interrogatories at issue.  Local Rules 33-250(c); 34-250(c).  Plaintiff's second motion to

21  compel will be denied.  Plaintiff's request for expenses will also be denied.

22  Requests to Extend Deadlines

23             On April 10, 2006, plaintiff asked the court to extend the discovery deadline.  (Id.

24  at 18; June 1, 2006 Mot.)  Plaintiff stated he had made several requests of CDC staff to let him

25  look at and copy his medical records, but that he had not been allowed to review his medical file

26  and staff had not responded to his requests.  (May 2, 2006 Mot. at 2-3.)  Plaintiff also asked the

court to extend the dispositive motion deadline and again stated he was unable to view his prison medical file.  (June 12, 2006 Mot.; June 1, 2006 Mot.)  Plaintiff renewed his request to extend the discovery deadline.  (June 12, 2006 Aff. at 2.)

On April 21, 2006, defendant Hospital joined in plaintiff's request to extend the discovery cut-off in light of CDC Officers' discovery responses.

In his opposition to defendants' motion for summary judgment, plaintiff renewed his request to reopen discovery.  Plaintiff argues that defendants have not complied with discovery requests under Fed. R. Civ. P. 56(f) and states "a court should not grant summary judgment against a party who has not had an opportunity to pursue discovery or whose discovery requests have not been answered."  (August 11, 2006 Opp'n at 27, citing Klingele v. Eikenberry, 849 F.2d 409, 412-13 (9th Cir. 1988).)  Plaintiff contends he needs the following discovery:

1. Names and addresses of all inmates who were witnesses and for deposition purposes if so desired, and to prepare possible defenses if these are adverse witnesses.

2. Investigative employee report authored by CDC Officer J. Moore.

3. Statement Inmate Austin gave to C.O. Gomez.

4. deleted by plaintiff

5. Photographs taken by C.O. Henderson

6. Photographs taken by C.O. Byrd

7. Medical Reports authored by MTA Chisum as to Eichler and Austin.

8. "All" confidential memorandums contained in Exhibit " ".

9. "All" relevant files plaintiff has sought and been denied and even though plaintiff has appealed them not allowing him access to these dated 5-13-06.

10. "All" taped or filmed interviews regarding incident, or written.

11. "All" unanswered requests for production of documents asked for in discovery such as memorandums in no. 14, and no. 15, etc.

12. "The names of several John Doe defendants still unknown such as those responsible for policies, and guidelines, involved

4

with overcrowding, mixing mental health inmates with none mental health inmates, forced double celling, extensive lockdown periods, etc."

13.  The names of those involved with classification mixups pertaining to this case.

14.  Also all other asked for in motions to compel discovery, and in plaintiff's opposition to Mercy Hospital's motion for summary judgment.

In plaintiff's opposition to defendant Mercy Hospital's motion for summary judgment, plaintiff claims he needs to conduct additional discovery as to:

1.  Whether Dr. Nugent is an employee or agent of Mercy Hospital of Folsom.  (Opp'n at 2.)

2.  Whether plaintiff's initial blood pressure upon presentation to Mercy Hospital of Folsom was 162/66 with a pulse rate of 90. (Opp'n at 3.)

3.  Whether plaintiff's laceration was "critical" due to the depth and severity, and therefore required closure by a plastic surgeon. (Opp'n at 3.)

4.  Whether Dr. Nugent was concerned that plaintiff's facial nerve or parotid gland had been injured, both of which would require plastic surgery revision by a specialist.  (Opp'n at 4.)

5.  Whether Mercy Hospital provides plastic surgery on an "on call" basis. (Opp'n at 4.)  (Plaintiff states Mercy was obligated to treat and provide for any and all serious and emergency care.)

6.  Whether, according to Dr. Burges, plaintiff never should have been taken to Mercy Hospital of Folsom in the first place.  (Opp'n at 7.) (Plaintiff claims this statement is unsubstantiated.)

7.  Whether Dr. Nugent was concerned plaintiff may have sustained a facial nerve or parotid duct laceration and whether that concern was appropriate; whether Dr. Nugent was acting in the best interests of plaintiff because repairing a cosmetically significant laceration of this extent must be performed by a plastic surgeon, not an emergency physician.  (Opp'n at 7.)

8.  Whether repair of a severe facial laceration by a plastic surgery specialist who is trained to repair the parotid duct and facial nerve is the standard of care and whether transfer to higher level of care for this injury was a medical necessity.  (Opp'n at 7.)

9.  Whether at 6:45 p.m. on June 1, 2003, plaintiff's vital signs were taken again and his blood pressure was 142/70, with pulse rate being 75.  (Opp'n at 8.)

10.  More discovery needed as to who contacted Dr. Hahn regarding arrangements for plaintiff to be transferred to UCD Medical Center, where he was accepted by Dr. Hahn, a plastic surgeon, at 7:10 p.m.  (Opp'n at 8.)

11.  Whether plaintiff's vital signs were again taken at 7:15 p.m., with blood pressure measuring 136/73 and pulse rate at 87, and whether the bleeding was controlled at 7:15 p.m.  (Opp'n at 8.)

12.  Whether plaintiff's bleeding was controlled in a reasonable amount of time, especially considering the location of the laceration.  (Opp'n at 8.)

13.  Whether or not it is easy to control bleeding in a five inch laceration of this depth and length on the face.  (Opp'n at 9.)

14.  Whether the nurse's actions with respect to the application of a pressure dressing was appropriate and within the standard of care. (Opp'n at 9.)

15.  Whether any attempt to ligate the bleeding vessels by physicians or personnel not trained in plastic surgery could have resulted in damage to vital facial structures.  (Opp'n at 10.)

16.  Whether plaintiff was medically stable while at Mercy Hospital of Folsom and the transfer to UCD Medical Center was therefore safe.  (Opp'n at 11.)

17.  Whether plaintiff never experienced significant changes in these vital signs indicating he was in danger; and whether, based on his vital signs and his bleeding being controlled, he was stable for transport.  (Opp'n at 12.)

18.  Whether Mercy Hospital of Folsom records, as well as UCD Medical Center records, indicate plaintiff's estimated blood loss was 500 cc's and whether that represents an approximate blood loss of 10 to 15% of plaintiff's total blood volume and whether, for the severity of plaintiff's laceration, a 500 cc estimated blood loss is not surprising.  (Opp'n at 12.)

19.  Whether plaintiff's facial laceration required a higher level of care that could not be provided him at Mercy Hospital of Folsom. (Opp'n at 12.)

The court construes plaintiff's requests to extend the discovery deadline as Rule 56(f) requests to continue the motions for summary judgment.  Fed. R. Civ. P. 56(f).

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

As noted above, plaintiff has filed a laundry list of items about which he claims he needs additional discovery.  However, plaintiff has not demonstrated how these items would generate facts sufficient to oppose the pending motions for summary judgment.  For example, plaintiff seeks review of his prison medical file.  But plaintiff has been provided copies of the medical records from Mercy Hospital of Folsom for June 1, 2003, the date which he was treated there.  Plaintiff's medical records at the prison would not bear any relevance to plaintiff's treatment at Mercy Hospital as plaintiff contends Mercy Hospital refused to treat plaintiff. Plaintiff has failed to demonstrate how additional discovery pertinent to details contained within medical records from Mercy Hospital would assist him in opposing the motion for summary judgment.

Similarly, plaintiff's medical records at the prison have no relevance to plaintiff's claims against defendants Lebeck and Sherbin as plaintiff alleges they failed to protect him and keep him free from cruel and unusual punishment.  While some of the medical records in plaintiff's prison medical file might be relevant to damages, the medical records from Mercy Hospital of Folsom and the UCD Medical Center, which plaintiff has been provided, are sufficient to demonstrate the damages plaintiff sustained on June 1, 2003.

It also appears plaintiff seeks to expand his claims herein by seeking additional discovery into "overcrowding, mixing mental health inmates with other inmates, forced double celling, extensive lockdown periods, etc." and seeking the names of those involved with classification mixups pertaining to this case.  None of these areas are at issue in this lawsuit, particularly as to defendants Mercy Hospital of Folsom, Lebeck and Sherbin.

1    Insofar as plaintiff requests to obtain all discovery previously denied by the court,

2    plaintiff must timely seek reconsideration of court orders rather than attempt to obtain such

3    discovery in a Rule 56(f) response.

4    In light of the above, plaintiff's motion for Rule 56(f) continuance will be denied.

5    <u>Dispositive Motions Deadline</u>

6    On June 2, 2006, defendants Sherbin and Lebeck filed a request to extend the

7    dispositive motion deadline.  In the meantime, defendant Mercy Hospital filed a motion for

8    summary judgment on June 9, 2006 and defendants Sherbin and Lebeck filed a motion for

9    summary judgment on July 24, 2006.  Good cause appearing, the June 2, 2006 request for

10   extension of time filed by defendants Sherbin and Lebeck will be granted.

11   <u>Request for Appointment of Counsel</u>

12   Plaintiff requested the appointment of counsel.  (April 10, 2006 Mot. at 19.)

13   The United States Supreme Court has ruled that district courts lack authority to require counsel

14   to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S.

15   296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary

16   assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017

17   (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present

18   case, the court does not find the required exceptional circumstances.  Plaintiff's request for the

19   appointment of counsel will therefore be denied.

20   <u>Pretrial Preparation</u>

21   Plaintiff has filed numerous requests more appropriately resolved at pretrial.  On

22   June 12, 2006, plaintiff filed a petition for writ of habeas corpus ad testificandum.  Because the

23   court has not yet resolved dispositive motions herein, plaintiff's motion is premature and will be

24   denied.  Plaintiff is advised that the court will issue a writ for his attendance at trial; no further

25   motion is required.  On June 12, 2006, plaintiff filed a motion in limine.  Motions in limine are

26   usually filed seven days prior to trial.  Plaintiff's motion is premature and will be denied.

1   Plaintiff also asks the court to waive witness fees or allow plaintiff to make partial payments

2   toward the total amount of witness fees.  (June 12, 2006 Affidavit at 2-3.)  Plaintiff is advised

3   that this request is more appropriately raised in his pretrial statement.  On July 18, 2006, plaintiff

4   filed a request for a subpoena for an unincarcerated, non-voluntary witness.  This request will be

5   denied without prejudice to its renewal at the time plaintiff's pretrial statement is due.  New

6   deadlines for filing pretrial statements will be reset, if appropriate, upon resolution of dispositive

7   motions.

8          Accordingly, IT IS HEREBY ORDERED that:

9          1.  Plaintiff's April 10, 2006 motion to compel further responses to the first set of

10  discovery requests propounded to defendant Hospital is denied.  (Docket No. 63.)

11         2.  Plaintiff's April 10, 2006 motion to compel responses to the second set of

12  discovery requests propounded to defendant Hospital is denied.

13         3.  Plaintiff's May 2, 2006 motion to compel discovery responses from defendants

14  CDC Officers is denied without prejudice.  Plaintiff's request for expenses is denied.  (Docket

15  No. 68.)

16         4.  Plaintiff's April 10, 2006, June 12, 2006, and July 11, 2006 motions, construed

17  as Rule 56(f) requests to continue the motions for summary judgment, and defendant Hospital's

18  April 21, 2006 motion to extend the discovery deadline, are denied.  (Docket Nos. 101, 80, 63, &

19  64.)

20         5.  Plaintiff June 1, 2006 motion to extend the dispositive motion deadline is

21  denied.  (Docket No. 72.)

22         6.  Defendants' June 2, 2006 motions to extend the dispositive motion deadline is

23  granted.  (Docket No. 74.)

24         7.  Plaintiff's April 10, 2006 motion for appointment of counsel is denied.

25  (Docket No. 63.)

26  /////

1    8.  Plaintiff's June 12, 2006 request for issuance of writ of habeas corpus ad

2  testificandum, his request regarding witness fees and motions in limine, and his July 18, 2006

3  request for subpoena are denied without prejudice.  (Docket Nos.  92, 80, 84, 102.)

4  DATED:  September 25, 2006.

5

6                                                  UNITED STATES MAGISTRATE JUDGE

7

8  /001
   eich1108.cuo
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26