IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE EICHLER,

    Plaintiff,                         2:04-cv-1108-GEB-JFM-P

    vs.

CDC OFFICER SHERBIN, et al.,

    Defendants.                     ORDER

_____/

        Plaintiff is a state prisoner proceeding in propria persona and in forma pauperis with a civil rights action pursuant to 42 U.S.C.§ 1983. This matter is before the court on defendant Mercy Hospital's request for entry of judgment. Plaintiff has filed an opposition to the request, review of which shows that plaintiff objects to any requirement that he pay defendants' costs, but that he does not oppose entry of judgment on his claim against Mercy Hospital.

        This action is proceeding against three defendants, CDC Officer Sherbin, C/O Lebeck, and Mercy Hospital. See, e.g. Order filed September 17, 2004. On October 26, 2006, the court granted defendant Mercy Hospital's motion for summary judgment. On November 1, 2006, the court denied the motion of defendants' Sherbin and Lebeck for summary judgment, made both on the merits and on grounds of qualified immunity. On November 21, 2006, plaintiff filed a notice of appeal from, inter alia, the court's October 26, 2006 order. On November 29,

1

2006, defendants Sherbin and Lebeck filed an interlocutory appeal from this court's November 1, 2006 order. By order filed December 14, 2006, this action was stayed pending resolution of the appeals. By order filed December 26, 2006, the United States Court of Appeals dismissed plaintiff's appeal for lack of jurisdiction.[1] The appeal filed by defendants Sherbin and Lebeck is still pending in the court of appeals.

On February 20, 2008, defendant Mercy Hospital filed a request for entry of judgment. Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

> "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order. Those findings should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court. A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings."

Frank Briscoe Co., Inc. v. Morrison-Knudsen Co., Inc., 776 F.2d 1414, 1416 (9th Cir. 1985) (quoting Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981)).

---

[1] A copy of the court of appeals' order was filed in this action on January 19, 2007.

Mercy Hospital's request for entry of judgment is based on the court of appeals' dismissal of plaintiff's appeal from this court's order granting Mercy Hospital's motion for summary judgment. Plaintiff's appeal was dismissed because the order appealed from was not a final order and this court had not certified the order for appeal pursuant to Fed. R. Civ. P. 54(b). See Eichler v. Sherbin, No. 06-17230 (9th Cir. Dec. 26, 2006).

Review of the record shows that plaintiff's claims against Mercy Hospital and against defendants Sherbin and Lebeck arise from an incident on June 1, 2003, when plaintiff was slashed by another inmate with an inmate-manufactured weapon. See Findings and Recommendations, filed September 26, 2006, at 4; Findings and Recommendations, filed September 29, 2006, at 5. Plaintiff raises claims against defendant Mercy Hospital under the Eighth Amendment and the Emergency Medical Treatment and Active Labor Act, as well as two pendent state law claims, arising from the decision of the emergency room doctor at Mercy Hospital not to suture plaintiff's wound and instead to transfer plaintiff to the UCDavis Medical Center. See Findings and Recommendations, filed September 26, 2006, at 6, 9-10. Plaintiff claims that defendants Sherbin and Lebeck violated his rights under the Eighth Amendment by acting with deliberate indifference to plaintiff's safety, specifically, by "leaving him unrestrained and unescorted" while he was collecting food trays as an inmate porter while the prison "facility was on lockdown and after numerous inmate weapons had been confiscated." See Findings and Recommendations filed September 29, 2006, at 4, 11.

While the claims arise from the same incident, they are both legally and factually distinct from one another. Beyond the basic facts of the slashing incident, the facts relevant to plaintiff's claims against defendants Sherbin and Lebeck are not relevant to plaintiff's claims against Mercy Hospital, nor are the facts relevant to plaintiff's claims against Mercy Hospital implicated in the claims against defendants Sherbin and Lebeck. Consequently, while the general Eighth Amendment standards applicable to each set of claims is the same, i.e., whether any defendant acted with deliberate indifference to a known risk of harm to plaintiff's health or

safety, the application of relevant facts to these standards is different for Mercy Hospital than it is for defendants Sherbin and Lebeck.

Entry of final judgment in this action must await resolution of the pending appeal at the United States Court of Appeals for the Ninth Circuit and trial thereafter if this court's decision is affirmed on appeal. Under the circumstances, there appears no just reason to delay entry of judgment on plaintiff's claims against Mercy Hospital.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant Mercy Hospital's February 20, 2008 request for entry of judgment pursuant to Fed. R. Civ. P. 54(b) is granted.

2. The Clerk of the Court is directed to enter final judgment on plaintiff's claims against Mercy Hospital in accordance with this court's October 26, 2006 order.

Dated: May 7, 2008

GARLAND E. BURRELL, JR.
United States District Judge