IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE EICHLER,

    Plaintiff,                  No. 2:04-cv-1108 GEB JFM (PC)

    vs.

CDC OFFICER SHERBIN, et al.,

    Defendants.             <u>ORDER</u>

                             /

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. §1983. Plaintiff has filed several motions which are pending before the court.

PROCEDURAL BACKGROUND

       This action is proceeding on claims raised in plaintiff's third amended complaint, filed July 14, 2005, against defendants Mercy Hospital of Folsom (Mercy) and California Department of Corrections and Rehabilitation (CDCR) Correctional Officers Sherbin and Lebeck (Sherbin and Lebeck). By separate orders, summary judgment was entered in favor of Mercy and denied to Sherbin and Lebeck. <u>See</u> Orders filed October 26, 2006 (Mercy) and November 1, 2006 (Sherbin and Lebeck).

       On November 21, 2006, plaintiff filed a notice of interlocutory appeal from several orders in this action. On November 29, 2006, defendants Sherbin and Lebeck filed an

1

interlocutory appeal from the order denying summary judgment on the ground of qualified immunity. By order filed December 14, 2006, this action was stayed pending resolution of those interlocutory appeals, and by order filed January 31, 2007, plaintiff was directed not to file any further documents in this action until after resolution of defendants' interlocutory appeal.[1] By order filed June 23, 2008, the United States Court of Appeals for the Ninth Circuit resolved the interlocutory appeal filed by defendants Lebeck and Sherbin, affirming in part and vacating in part the denial of summary judgment, and remanding the matter for further consideration of the defense of qualified immunity.[2]

Following the district court's order directing entry of judgment for Mercy Hospital pursuant to Fed. R. Civ. P. 54(b), see Order filed May 7, 2008, plaintiff appealed the order granting summary judgment to Mercy Hospital. On June 23, 2010, the United States Court of Appeals for the Ninth Circuit issued an order affirming in part and vacating in part the grant of summary judgment in favor of Mercy. The court of appeals affirmed the grant of summary judgment in favor of Mercy on plaintiff's claim that the decision to transfer plaintiff to another hospital to receive more specialized care violated his rights under the Eighth Amendment. See Order filed June 23, 2010 at 2. The court of appeals vacated the grant of summary judgment to Mercy on a claim under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd (EMTALA) and remanded the matter to this court to reopen discovery on that claim. Id. at 4. The court also vacated the dismissal of plaintiff's state law medical malpractice and negligence claims "'to permit the district court once again to determine whether to exercise its supplemental jurisdiction in light of the proceedings on remand.'" Id. at 5 (quoting Fredenburg v. County of Contra Costa Dep't of Health Servs., 172 F.3d 1176, 1183 (9th Cir. 1999). The

---

[1] Plaintiff's appeal was dismissed on January 19, 2007.

[2] On January 14, 2011, defendants Lebeck and Sherbin filed a new motion for summary judgment. Said motion is pending briefing by the parties in accordance with the provisions of Local Rule 230(l).

court of appeals affirmed the denial of plaintiff's motion to amend the complaint to substitute the doctor and nurse who treated him at Mercy for Doe defendants, and the court authorized plaintiff to renew his request for appointment of a medical expert witness. Id. at 5-6.

By order filed July 2, 2010, this court directed the parties to file briefs addressing whether the court should exercise supplemental jurisdiction over plaintiff's state law claims. On July 19, 2010, plaintiff and defendants Sherbin and Lebeck filed responses to that order.[3] Mercy did not file a response to the order. appealed the order denying their motion for summary judgment. By order filed July 21, 2010, this court held that this action would proceed on plaintiff's state law medical malpractice and negligence claims in addition to the remaining federal claim under the EMTALA. Order filed July 21, 2010 at 2.

PLAINTIFF'S MOTIONS

I. Motion for Mediation

On August 2, 2010, plaintiff filed a document styled "Informal/of Formal Inquiry into Court Mediation." In that document, plaintiff inquires whether it is appropriate to set this matter for mediation. On August 5, 2010, defendant Mercy filed a response to plaintiff's inquiry in which it states its opposition to setting this matter for mediation. Plaintiff filed a reply brief on August 17, 2010. After review of the papers filed by the parties, and good cause appearing, this matter will not be set for mediation at this time.

II. Plaintiff's Motion to Amend

On August 23, 2010, plaintiff filed a motion for leave to file a fourth amended complaint. Plaintiff seeks to amend his complaint to substitute Dr. Nugent, Dr. Todd, and Correctional Officer Bristow in place of three Doe defendants named in the third amended complaint.

---

[3] Defendants Sherbin and Lebeck's response was a statement of non-opposition to the exercise of supplemental jurisdiction over the state law negligence claim against them. Defendants have now moved for summary judgment on that claim. See footnote 1, supra.

3

Leave to amend a complaint should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a plaintiff has already been granted leave to amend the court's "discretion in deciding subsequent motions to amend is 'particularly broad.'" Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002) (quoting Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 879 (9th Cir. 1999). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

A. Correctional Officer Bristow

Plaintiff's proposed amended complaint adds Correctional Officer Bristow to the charging allegations and claims raised against defendants Sherbin and Lebeck in the third amended complaint. Specifically, plaintiff alleges that defendants Sherbin[4] and Lebeck and Correctional Officer Bristow ordered him to pick up dinner trays unsupervised by officers because Sherbin and Lebeck were leaving their posts. Plaintiff alleges that he told all three officers that this was contrary to established policies and procedures and that it was unsafe. Plaintiff alleges that defendants Sherbin and Bristow failed to escort him while he was picking up trays, and that his face was slashed from "lip to almost ear" by two inmates who called him to a tray port that had been left open. Proposed Fourth Amended Complaint, filed April 23, 2010, at 4. Plaintiff alleges that he approached Correctional Officer Bristow and told him "of a situation at cell 211, and that plaintiff had believed he could defuse it, but he wanted to let one of his supervisors know why, and if, he wasn't working in the normal" eager manner. Id. Plaintiff also alleges that right after defendant Lebeck saw plaintiff with a blood-soaked towel on his face

---

[4] Identified as "Sherburn" in the proposed fourth amended complaint.

4

he told Bristow that "something was up."[5]  Plaintiff further alleges that defendants Lebeck and Sherbin and Correctional Officer Bristow then lied to cover up the events that had transpired. Finally, plaintiff alleges that on the day of the incident he had seen Correctional Officer Bristow reading and sleeping on duty and that he and defendant Sherbin had left the building on the more than one occasion.

        The third amended complaint on which this action is proceeding contains no allegations similar to those raised against Correctional Officer Bristow in the proposed fourth amended complaint, nor did plaintiff name any Doe defendant who might reasonably be construed now to be Correctional Officer Bristow.

        This action was filed in June 2004, and between the date this action was opened and May 27, 2005, plaintiff's original, first and second amended complaints were dismissed, all with leave to amend.  As noted above, the third amended complaint, on which this action was proceeding, was filed in July 2005.  In June 2006, plaintiff filed a motion to amend the complaint together with a proposed fourth amended complaint which did include allegations against Correctional Officer Bristow substantially similar to those raised in the present proposed fourth amended complaint.  Plaintiff's motion to amend, however, was styled as a motion to add parties previously named as John Does whose names had been ascertained through discovery.  As noted above, plaintiff's third amended complaint contains no allegations against any John Doe defendant similar to those raised against Correctional Officer Bristow.  Plaintiff's motion to amend was construed as a motion to substitute the doctor and nurse at Mercy who treated plaintiff, and was denied.  See Findings and Recommendations filed September 26, 2006, at 11-12; Order filed October 26, 2006.

/////

---

[5] The allegations that immediately follow this contention are unclear:  plaintiff alleges that "Bristow had told him to pop sands out and to give him some time to get to the pipe chase." Proposed Fourth Amended Complaint at 4.

5

As noted above, in June 2008, the United States Court of Appeals for the Ninth Circuit resolved the interlocutory appeal filed by defendants Sherbin and Lebeck from the denial of summary judgment by, inter alia, remanding the matter to this court for further consideration of the defense of qualified immunity. The instant motion to amend was not filed until more than two years after the order of remand.

Plaintiff did not allege in his third amended complaint against any Doe defendants the facts that form the basis for his proposed claim against Correctional Officer Bristow, nor has he shown any grounds that would warrant reconsideration of the 2006 order denying his motion to file an amended complaint that included the proposed claims against Correctional Officer Bristow. Moreover, plaintiff has delayed more than two years after the claims against the correctional officer defendants were remanded from the court of appeals to seek leave to add this new correctional officer defendant. For all of these reasons, plaintiff's motion to amend his complaint to add Correctional Officer Bristow will be denied.

B. Dr. Todd

In the proposed fourth amended complaint, plaintiff alleges that subsequent to the slashing incident and his hospitalization, he was transferred to Mule Creek State Prison (Mule Creek). At Mule Creek, he requested a "no-shave" chrono because shaving worsened the scars and injuries suffered as a result of the slashing incident and cause plaintiff significant pain and discomfort, and without such a chrono he would be forced to shave. Plaintiff explained all of this to Dr. Todd, but she refused to issue the chrono. Plaintiff filed an administrative appeal from this refusal, but his appeal was thrown away twice and plaintiff was told that "bad things" could happen to an inmate who appealed medical care at Mule Creek. Plaintiff alleges Dr. Todd was "involved." Proposed Fourth Amended Complaint at 10.

Plaintiff's third amended complaint contains some allegations against Dr. Todd; specifically, that she threatened plaintiff after he filed an administrative grievance at Mule Creek. Third Amended Complaint, filed July 14, 2005, at 12. The third amended complaint also

contains a general allegation that plaintiff was denied a no-shave chrono, but that allegation is not specifically raised against Dr. Todd. Id. at 11. Plaintiff did not name Dr. Todd as a defendant in the third amended complaint. Moreover, although he sought reconsideration of this court's order screening the third amended complaint pursuant to 28 U.S.C. § 1915, he did not contend that Dr. Todd should have been served as a defendant at that time. See Request for Reconsideration, filed November 29, 2005.

More than five years has elapsed between the filing of the third amended complaint and the motion to add Dr. Todd as a defendant in this action. Plaintiff has unduly delayed in seeking to add Dr. Todd as a defendant and for that reason, the motion to amend will be denied as to Dr. Todd.

C. Dr. Nugent

Finally, plaintiff seeks to substitute Dr. Nugent in place of a Doe defendant named in the third amended complaint as the physician at Mercy who allegedly refused to treat plaintiff when plaintiff arrived at Mercy. Plaintiff alleges that Dr. Nugent stated several times that Mercy did not have a contract with the California Department of Corrections and Rehabilitation (CDCR) and that CDCR "knew not to bring plaintiff to this hospital, because of not having a contract." Proposed Fourth Amended Complaint at 6. Plaintiff further alleges that he was bleeding profusely and in extreme pain and discomfort and asked Dr. Nugent for treatment but he refused. Plaintiff specifically asked to have his wound sewn shut and the bleeding stopped, or for an ambulance to transport him to a place where he could be treated, but Dr. Nugent neither summoned medical care nor transportation, leaving plaintiff bleeding and in great discomfort for over two hours. Plaintiff alleges that once he arrived at U.C. Davis Medical Center, another physician told him that this delay had worsened his condition.

Mercy opposes plaintiff's motion to amend to add Dr. Nugent as a defendant on several grounds. First, Mercy contends that the motion is barred by the doctrine of res judicata as the district court previously denied a similar motion to amend to add Dr. Nugent and that order

was affirmed by the court of appeals. Mercy also argues that plaintiff has not shown grounds for reconsideration of the previous order denying leave to amend, and that plaintiff's motion "is a blatant attempt to get around the court's discovery schedule." Defendant Mercy Hospital of Folsom's Opposition to Plaintiff Dwayne Eichler's Motion for Leave to File an Amended Complaint, filed August 31, 2010, at 3.

Plaintiff's June 2006 motion to amend included a request to add Dr. Nugent as a defendant in the action. That motion was denied on the grounds that (1) the EMTALA does not provide a private right of action against hospital employees; (2) plaintiff's theory that Dr. Nugent should have provided treatment different from what he provided was insufficient to establish an Eighth Amendment claim for deliberate indifference to a serious medical need; and (3) given the grant of summary judgment to Mercy, it would be inappropriate to allow amendment of the complaint. See Findings and Recommendations filed September 26, 2006; Order filed October 26, 2006.

In its June 23, 2010 order, the United States Court of Appeals for the Ninth Circuit affirmed the district court's decision to deny plaintiff's motion to amend. The court of appeals held that [b]ecause Eichler failed to raise as triable issue as to their deliberate indifference, and EMTALA provides a private right of action against only hospitals, [citation omitted], the district court properly concluded that amendment would have been futile, [citation omitted]." Order filed June 23, 2010 at 5. The court of appeals also, however, vacated the dismissal of plaintiff's state law claims of medical malpractice and negligence to allow this court to decide "once again" whether to exercise supplemental jurisdiction over those claims. Following remand, the court granted the parties an opportunity to brief whether the court should exercise supplemental jurisdiction over those claims. Mercy did not respond, and pursuant to this court's July 21, 2010 order, this action is proceeding on plaintiff's state law medical malpractice and negligence claims. Dr. Nugent is properly identified in the proposed fourth amended complaint as a defendant in those state law claims. For these reasons, plaintiff's


motion to amend to add Dr. Nugent as a defendant in the state law medical malpractice and negligence claims will be granted. Counsel for Mercy will be directed to inform the court within ten days whether counsel will accept service of process for defendant Nugent.[6]

III. Motion for Expert Witness

On August 23, 2010, plaintiff filed a motion for appointment of an expert witness. This matter has been referred for consideration of appointment of counsel to represent plaintiff. Should the court be successful in finding volunteer counsel to represent plaintiff in this matter, the court will entertain a motion from counsel for appointment of an expert witness. Plaintiff's motion will be denied without prejudice at this time.

IV. Motion for Extension of Time

On August 24, 2010, plaintiff filed a document styled "Plaintiff's Request for Judicial Interventions, For Time Extensions if Needed, for Michael Ubaldi to Receive Documents from the Court Until Issue is Resolved." Therein, plaintiff alleges that he had attempted to mail documents to counsel for Mercy on August 13, 2010 and August 18, 2010, but that the prison mailroom had refused to mail plaintiff's documents to counsel for Mercy.[7] Plaintiff alleges that he was informed that the mailroom would only mail documents to the court or to the Attorney General. Subsequently, on October 19, 2010, plaintiff filed a motion to compel responses to discovery requests. Although it is not entirely clear, it appears that the documents that are the subject to plaintiff's August 24, 2010 motion may also be the subject of

---

[6] In view of the lengthy and complex history of this case, and in view of the fact that plaintiff has moved to substitute Dr. Nugent in place of one of the Doe defendants, good cause appearing, the court will not direct that proposed fourth amended complaint be filed. Instead, the third amended complaint on which this action is proceeding will be deemed amended to name Dr. Nugent as a defendant in plaintiff's state law malpractice and negligence claims.

[7] Plaintiff has also filed two motions for temporary restraining order and/or preliminary injunction arising from the alleged refusal of prison mailroom officials to mail documents from plaintiff to counsel for Mercy. Good cause appearing, counsel for defendants Lebeck and Sherbin shall file jointly with counsel for defendant Mercy a response to those motions for injunctive relief.

the motion to compel.[8]  Although Mercy opposes plaintiff's motion to compel, the opposition is not based on any alleged untimeliness of the discovery requests.  Accordingly, plaintiff's August 24, 2010 motion will be denied.

V. Motion to Compel

On October 19, 2010, plaintiff filed a motion to compel discovery responses. Both Mercy and the correctional officer defendants oppose the motion.

    A. Nurse Romano

Although it is not entirely clear, plaintiff apparently seeks an order requiring Mercy to provide responses to written deposition questions propounded by plaintiff to non-party Nurse Romano.  In opposition to the motion, Mercy has presented evidence that its' attorney sent plaintiff a letter on August 19, 2010 advising plaintiff that Nurse Romano had voluntarily resigned from Mercy in September 2003 and had left the area.  See Declaration of Dennis P. McPherson in Support of Defendant Mercy Hospital of Folsom's Opposition to Plaintiff's Motion to Compel Discovery, filed November 1, 2010, (McPherson Declaration) at ¶¶ 4-5 and Ex. B thereto.  Counsel for Mercy also advised plaintiff that he had attempted to contact Nurse Romano at her last known telephone number but was told it was the wrong number, that he had searched with the California Board of Registered Nursing and learned that Nurse Romano's California license had expired on July 31, 2008, was not renewed, and is not current.  See id. at ¶¶ 5-6 and Ex. B thereto.  Counsel for Mercy also informed plaintiff in the letter that the written questions were all objectionable.  See Ex. B to McPherson Declaration.

Mercy has presented evidence that its' counsel took reasonable steps to attempt to locate Nurse Romano, all of which were unsuccessful.  Mercy is not required to do more. Plaintiff's motion to compel further responses to the written questions directed to non-party Nurse Romano will be denied.

---

[8] There has been nothing filed by Mercy since August 13, 2010 alleging non-receipt or untimely receipt of documents from plaintiff.

1           B.  Defendants Lebeck and Sherbin

2                Plaintiff contends that defendants Lebeck and Sherbin renumbered interrogatories
3    propounded by plaintiff and refused to answer more than twenty-five interrogatories as
4    renumbered.  Plaintiff seeks to compel defendants to respond to the unanswered interrogatories
5    and, as necessary, seeks leave of court to propound more than twenty-five interrogatories.
6    Plaintiff also seeks to compel further responses to his request for production of documents and
7    for admissions and to the interrogatories that were objected to.  Defendants oppose the motion on
8    the grounds that their discovery responses were proper and plaintiff's contentions to the contrary
9    are inadmissible and without merit.  Defendants also contend that the court should deny
10   plaintiff's request to propound additional interrogatories.

11                By order filed July 2, 2010, discovery was reopened in this action pursuant to the
12   June 23, 2010 order of the United States Court of Appeals for the Ninth Circuit.  Discovery,
13   which closed in this action in 2006, was not reopened on plaintiff's Eighth Amendment claim
14   against defendants Lebeck and Sherbin.  In relevant part, the June 23, 2010 order remanded
15   plaintiff's EMTALA claim to this court for further discovery and directed the court to consider
16   again whether to exercise supplemental jurisdiction over plaintiff's state law medical malpractice
17   and negligence claims.  Subsequently, on July 21, 2010, the court held that this action would
18   proceed on plaintiff's state law medical malpractice and negligence claims.

19                Neither defendant Lebeck nor defendant Sherbin are defendants on the EMTALA
20   claim.  Moreover, while plaintiff has raised a negligence claim against defendants Lebeck and
21   Sherbin in his third amended complaint, as noted above discovery closed in this action in 2006
22   and none of the parties sought or received leave of court to conduct further discovery on any of
23   the other claims raised in the third amended complaint following the orders of remand from the
24   United States Court of Appeals for the Ninth Circuit.  Accordingly, plaintiff's motion to compel
25   further discovery from defendants Lebeck and Sherbin will be denied.  The court will not reach
26   /////

the merits of any of the arguments tendered by the parties with respect to defendants' responses to the discovery at issue in plaintiff's motion.

VI. <u>Motion to File Addendum</u>

Finally, on October 19, 2010, plaintiff filed a motion for leave to file an addendum to supplemental briefing that he previously filed on the issue of whether defendants Lebeck and Sherbin are entitled to qualified immunity. On January 14, 2011, defendants Lebeck and Sherbin filed a motion for summary judgment contending, <u>inter alia</u>, that they are entitled to qualified immunity. Plaintiff's opposition to that motion is due on February 4, 2011. Plaintiff will have an opportunity to present all of his contentions concerning qualified immunity in that opposition. His motion to file an addendum to his previous brief will therefore be denied without prejudice.

In accordance with the foregoing, IT IS HEREBY ORDERED that:

1. This matter will not be set for mediation at this time;

2. Plaintiff's August 23, 2010 motion to amend is granted as to plaintiff's motion to substitute Dr. Gary Nugent in place of a Doe defendant named in plaintiff's state law medical malpractice and negligence claims raised in the third amended complaint and denied in all other respects;

3. Within ten days from the date of this order counsel for Mercy Hospital shall inform the court in writing whether counsel will accept service of process for Dr. Nugent;

4. Plaintiff's August 23, 2010 motion for appointment of an expert witness is denied without prejudice and the Clerk of the Court is directed to serve a copy of this order on the Pro Bono Coordinator for this Court;

5. Plaintiff's August 24, 2010 motion for extension of time is denied;

6. Plaintiff's October 19, 2010 motion to compel is denied;

7. Plaintiff's October 19, 2010 motion for leave to file a supplemental brief is denied without prejudice; and

8. Within fifteen days from the date of this order, counsel for defendants Lebeck and Sherbin shall file jointly with counsel for defendant Mercy a response to plaintiff's October 19, 2010 motions for temporary restraining order and/or preliminary injunction.

DATED: January 27, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
eich1108.mos