IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE EICHLER,

      Plaintiff,                            No. 2:04-cv-1108 GEB JFM (PC)

   vs.

CDC OFFICER SHERBURN, et al.,

      Defendants.                  FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. §1983. Plaintiff has filed a motion for a preliminary injunction, seeking a court order requiring prison officials to allow plaintiff to send mail to counsel for defendant Mercy Hospital and counsel for defendant Dr. Nugent. Plaintiff contends that prison officials are only permitting him to send mail to the Office of the Attorney General or to the court. Mercy Hospital has filed an opposition to the motion.

      The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,

1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

Plaintiff's motion implicates his right to access the courts.  In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions.  Lewis v. Casey, 518 U.S. at 351.  The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  Id. at 356.  To prevail on a matter that implicates the right of court access, plaintiff must present evidence that defendants by their acts could cause him to lose an actionable claim of this type.  Id.

In opposition to the motion, Mercy Hospital has presented evidence that between March 25, 2011 and July 26, 2011, plaintiff filed fifteen documents in this action.  Of those fifteen documents, Mercy Hospital received service of thirteen by United States Mail; Mercy Hospital only received electronic notification of two others and is not included on the proof of service appended to either of those documents.  See Docket Nos. 241 and 276.  The evidence tendered by Mercy belies plaintiff's allegations to the contrary.  Moreover, plaintiff has not demonstrated that he is faced with a significant threat of irreparable harm in the absence of the requested order.

1       For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's July 6, 2011 motion for preliminary injunction be denied.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 95 1 F.2d 1153 (9th Cir. 1991).

DATED: December 13, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
eich1108.pi