IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE EICHLER,

        Plaintiff,                     No. 2:04-cv-1108 GEB JFM (PC)

    vs.

CDC OFFICER SHERBIN, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding with a civil rights action pursuant to 42 U.S.C. §1983. Several matters are pending before the court.

        By order filed February 10, 2011, Glenn Peterson, Esq. was appointed to represent plaintiff in this action. On February 25, 2011, defendant Mercy Hospital filed a motion for summary judgment. By order filed March 25, 2011, counsel for plaintiff and counsel for Mercy Hospital were directed to submit to the court a proposed briefing schedule for Mercy Hospital's motion for summary judgment. That order also provided that, until further order, all filings on behalf of plaintiff were to be made by his attorney of record, and pending pro se motions filed by plaintiff were denied. <u>See</u> Order filed March 25, 2011, at 2.

        On April 21, 2011, counsel for plaintiff and counsel for Mercy Hospital filed a proposed schedule for briefing Mercy Hospital's summary judgment motion. That schedule was

1

adopted by order filed May 2, 2011.  In the same order the court denied additional pro se motions filed by plaintiff after the March 25, 2011 order, including a cross-motion for summary judgment on plaintiff's claims against Mercy Hospital.

On May 20, 2011, counsel for plaintiff filed an opposition to Mercy Hospital's motion for summary judgment.  On May 23, 2011, plaintiff filed a pro se motion for removal of his court appointed attorney.  On May 27, 2011, Mercy Hospital filed a reply brief in support of the motion for summary judgment.  On June 3, 2011, plaintiff filed, pro se, a request to attach additional exhibits in opposition to Mercy Hospital's motion for summary judgment and for leave to file a supplemental brief in opposition to the motion.  On June 7, 2011, plaintiff's court-appointed counsel moved to withdraw.  By orders filed June 21, 2011, counsel's motion to withdraw was granted.  In the same order, the court vacated that part of the March 25, 2011 order that denied plaintiff's pro se cross-motion for summary judgment against Mercy Hospital, and granted plaintiff's June 3, 2011 requests to file supplemental briefing and exhibits in opposition to Mercy Hospital's motion for summary judgment.

On June 30, 2011, plaintiff filed a motion styled as a "Motion for Withdrawal of Peterson; Request for Stay to Fix Dificiencies [sic] of Petersons [sic] Counsel; Request for Appointment of Counsel."  Plaintiff filed a second motion to stay on July 6, 2011.  Plaintiff filed a second motion for appointment of counsel on July 19, 2011.  To the extent that plaintiff, by the June 30, 2011 motion, seeks removal of his court-appointed attorney, the motion is moot.  Moreover, review of the record shows that plaintiff has been given a full and fair opportunity to brief, pro se, the pending motion for summary judgment by Mercy Hospital.  No stay of this action to permit further briefing is required and none will be granted.[1]

/////

---

[1] In preparing findings and recommendations on Mercy Hospital's motion for summary judgment, the court will consider the briefing and evidence filed by plaintiff's court-appointed attorney in opposition to the motion in addition to all of the briefs and exhibits filed by plaintiff pro se.

Plaintiff's motions for appointment of counsel will also be denied. District courts do not have authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). Plaintiff has expressed his dissatisfaction with the representation by his court-appointed attorney, and those expressions of dissatisfaction ultimately led to counsel's withdrawal from representation. The court did not grant counsel's motion to withdraw based on any deficiencies in counsel's performance and indeed the briefing filed by counsel on plaintiff's behalf in opposition to both Mercy Hospital's motion for summary judgment and the motion for summary judgment filed by two other defendants in this action suggests excellent representation. This court has already requested and obtained the voluntary assistance of counsel to represent plaintiff in this action pursuant to 28 U.S.C. § 1915(e)(1). It will not do so again.

On July 29, 2011, plaintiff filed a motion for an extension of time to file a reply brief in support of his cross-motion for summary judgment against Mercy Hospital. Mercy Hospital's opposition to plaintiff's cross-motion for summary judgment was filed on July 11, 2011, and plaintiff's reply was due twenty-one days thereafter. <u>See</u> Order filed June 21, 2011, at 2. Plaintiff filed the reply brief on August 8, 2011. Good cause appearing, plaintiff's motion for extension of time will be granted and plaintiff's August 8, 2011 reply brief deemed timely filed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's June 30, 2011 motion for withdrawal of Peterson is denied as moot;

2. Plaintiff's June 30, 2011 and July 6, 2011 motions to stay are denied;

3. Plaintiff's June 30, 2011 and July 19, 2011 motions for appointment of counsel are denied;

4. Plaintiff's July 29, 2011 motion for extension of time to file a reply brief is granted; and

/////

/////

5. Plaintiff's August 8, 2011 reply brief in support of his cross-motion for summary judgment against Mercy Hospital is deemed timely filed.

DATED: December 13, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
eich1108.cuo2

4