IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE EICHLER,

    Plaintiff,               No. 2:04-cv-1108 GEB JFM (PC)

    vs.

CDC OFFICER SHERBIN, et al.,

    Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On July 19, 2011, plaintiff filed a requests for certification of this court's March 22, 2011 order for interlocutory appeal. By that order, the court denied plaintiff's motion for reconsideration of an order of the magistrate judge denying in most respects plaintiff's motion to amend his complaint, denying a motion to compel filed by plaintiff, and denying without prejudice plaintiff's motion for leave to file a supplemental brief. On October 25, 2011, plaintiff filed a notice of interlocutory appeal and request for entry of final judgment on his claims against defendants Sherburn and Lebeck, for whom summary judgment was entered by order filed September 28, 2011. The latter appeal was processed to the United States Court of Appeals for the Ninth Circuit, and was dismissed for lack of jurisdiction by order filed December 7, 2011.

        Plaintiff's July 19, 2011 motion is governed by 28 U.S.C. § 1292(b). That section authorizes a district court to certify for interlocutory appeal an order not otherwise appealable

where the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation. . . ." 28 U.S.C. § 1292(b). Such certification is to be made in the order. Id. The court's March 22, 2011 order is not otherwise appealable and does not contain the required certification, nor is there any basis in the record for certifying that order for interlocutory appeal. Plaintiff's motion will be denied.

Plaintiff's October 25, 2011 request is governed by Rule 54(b) of the Federal Rules of Civil Procedure. That rule authorizes the court to "direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case.... However, Rule 54(b) certification is scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 797-98 (9th Cir.1991) (internal quotations omitted). Entry of final judgment on plaintiff's claims against defendants Sherburn and Lebeck will not aid expeditious resolution of this case. Plaintiff's request will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 19, 2011 request for certification of interlocutory appeal is denied; and

2. Plaintiff's October 25, 2011 motion for partial entry of final judgment pursuant to Fed. R. Civ. P. Rule 54(b) is denied.

Dated: December 14, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge